UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

SALOMON WEISS
on behalf of himself and
all other similarly situated consumers

                        Plaintiff,

       -against-


AMERICAN EXPRESS LEGAL; ALEXANDER FINK, ESQ.
AND AMERICAN EXPRESS COMPANY

                        Defendants.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Salomon Weiss seeks redress for the illegal practices of American Express Legal ("AEL"); Alexander Fink, Esq. ("Fink") and American Express Company ("AMEX") concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Defendant AEL is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6), as its principal business purpose is the collection of debts.

5. Defendant Fink is a registered attorney with Defendant AEL.

6. Upon information and belief, Defendant AELs' principal place of business is located in Ramsey, New Jersey.

7. Defendant AMEX is a national bank and the original creditor to whom the alleged debt was owed.

8. Upon information and belief, Defendant AMEX's principal place of business is located in New York, New York.

### *Jurisdiction and Venue*

9. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Salomon Weiss*

11. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

12. In late November of 2019, Plaintiff received a complaint that was filed against him on November 19, 2019 in the Supreme Court of the State of New York, County of Rockland.

13. The lawsuit was filed by Defendant Fink of AEL, on behalf of their client, American Express Company.

14. Upon receipt of the lawsuit, the Plaintiff mailed out a letter to AEL disputing the alleged debt. The Plaintiff however, received no response.

15. On or about December 18, 2019, the Plaintiff again mailed a letter of dispute to AEL, (see attached Exhibit) also with no response.

16. Upon information and belief, Defendants as a matter of procedural practice and pattern

never intend to follow through with the validation rights they purportedly provide in initial communications.

17. Upon information and belief, Defendants, when receiving written disputes as a matter of procedural practice and pattern do not provide verification.

18. Upon information and belief, Defendants intentionally denied the Plaintiff his dispute rights afforded to him under the FDCPA.

19. At no point, before or after the Plaintiff received the said November 19, 2019 lawsuit, did Defendants adequately advise the Plaintiff of his rights, because a thirty (30) day validation notice required by 15 U.S.C. § 1692(g) was not provided to the Plaintiff.

20. At no point, before or after the said November 19, 2019 lawsuit, did Defendants inform the Plaintiff that they were attempting to collect a debt, and that any information obtained would be used for that purpose, as required by 15 U.S.C. § 1692(e)(11).

21. The Defendants failed to give Plaintiff notice of his rights as mandated by 15 U.S.C. §§ 1692g and 1692e(11), within five (5) days of Defendants' initial communication to the Plaintiff.

22. The Defendants, in attempting to collect from the Plaintiff, the aforementioned alleged past due debt, employing, inter alia, the acts and/or omissions described above, violated:

      i. 15 U.S.C. § 1692e generally, and specifically, 15 U.S.C. § 1692e(10) and 1692e(11), as described above;

      ii. 15 U.S.C. § 1692f generally, and specifically 15 U.S.C. § 1692g(a), by failing to advise the Plaintiff of any of his rights as required by § 1692g in Defendants' initial communication or within five (5) days of said

        initial communication to the Plaintiff in connection with the collection of the aforementioned alleged debt.

23. Upon information and belief, other persons hold the same or similar claims against the Defendants, for the Defendants' failure to notify them of their rights as mandated by 15 U.S.C. § 1692g, within five (5) days after the initial communications substantially similar to those received by the Plaintiff from the Defendants in the collection of consumer debts within the State of New York.

24. As mentioned above, Defendant AEL is a debt collector as that term is defined by 15 U.S.C. § 1692(a)(6) of the FDCPA.

25. Defendant AEL's principal business purpose is the collection of debts and as such is a debt collector as defined under the FDCPA.

26. In the alternative, American Express Legal regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

27. Defendant AMEX, the creditor, used a name that falsely implied that a third party by the name of American Express Legal is involved in collecting its debts.

28. Defendant AMEX pretended to be someone else, and Defendant AMEX used a pseudonym or alias.

29. Defendant AEL is not a separate entity from Defendant AMEX, but rather in the process of collecting its own debts.

30. Section § 1692(a) of the FDCPA states:

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, **the term includes any**

>    **creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts**. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. (emphasis added)

31. AMEX, the creditor, has used the name "American Express Legal," a name other than its own, thereby indicating that a third party is collecting or attempting to collect such debts. See Vincent v. Money Store, 736 F.3d 88, 99 (2d Cir. 2013). ("When a creditor that is collecting its own debts hires a third party for the purpose of sending letters that represent that the third party is collecting the debts, that is sufficient to show the "use" of a name by the creditor other than its own.")

32. Defendants violated 15 U.S.C. §§ 1692(a)(6) for using a name other than their own which indicated that a third person was collecting the alleged debt.

33. As stated above, the Plaintiff received a complaint that was filed against him on November 19, 2019, in the Supreme Court of the State of New York, County of Rockland.

34. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

35. Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

36. Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

37. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

38. Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

39. Defendants' communications were designed to cause the debtor to suffer a harmful

disadvantage in charting a course of action in response to Defendants' collection efforts.

40. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

41. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

42. As an actual and proximate result of the acts and omissions of the Defendants, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendants.*

43. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty-two (42) as if set forth fully in this cause of action.

44. This cause of action is brought on behalf of Plaintiff and the members of two classes.

45. Class A consists of all persons whom Defendants' records reflect resided in the State of New York and who received letter communications in the form of a summons and formal Complaint; (a) bearing the Defendants' letterhead in substantially the same form as the Complaint received by the Plaintiff in or around November of 2019; (b) the Defendants

failed to send the Plaintiff the 1692g mandatory disclosures, within five days of the Defendants' initial communication with the Plaintiff; (c) Defendants violated 15 U.S.C. §§ 1692e, 1692e(8), 1692e(10), 1692e(11), 1692f, and 1692g(a), for Defendant's intentional violation of the mandatory disclosure requirements of the FDCPA.

46. Class B consists of all persons whom Defendants' records reflect resided in the State of New York and who received letter communications in the form of a summons and formal Complaint; (a) bearing the Defendants' letterhead in substantially the same form as the Complaint received by the Plaintiff in or around November of 2019; and (b) the Plaintiff asserts that the Defendants violated 15 U.S.C. §§ 1692(a)(6) for using a name other than their own which indicated that a third person was collecting the alleged debt.

47. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that form written communications are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such communications (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendants.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

48. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

49. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

50. Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

51. The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

52. Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendants and award damages as follows:

A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
January 7, 2020

_/s/ Adam J. Fishbein_
Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_/s/ Adam J. Fishbein_
Adam J. Fishbein (AF-9508)

-9-

# Salomon Weiss



December 18, 2019

Attn: American Express Legal

(Index No. 036565/2019)

To whom it may concern

I am in receipt of a complaint that you filed against me on 11/19/2019. Shortly after receiving this complaint, I mailed out to you a letter of dispute. I never heard back.

Kindly give me a ring on ▇▇▇▇▇▇▇.

Salomon